UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY CURL, #212353,

       Plaintiff,

   v.                        CASE NO. 2:21-CV-12479
                                 HON. GEORGE CARAM STEEH

LINDA DOE, et al.,

       Defendants.

_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

I.

This a pro se prisoner civil rights case brought pursuant to 42 U.S.C.

§ 1983.  In his complaint, Michigan prisoner Jeffrey Curl ("plaintiff") alleges

that he was not provided prescribed medication while at the Genesee

County Jail in Flint, Michigan in 2016 and 2017 which caused him to

experience kidney failure requiring emergency hospital treatment on

October 26, 2017 and the loss of a kidney.  He names Linda Doe, Jane

and John Does, and Genesee County Nurses as the defendants in this

action and sues them in their individual capacities.  He seeks monetary

damages, a new kidney, and any other appropriate relief.  The Court has

granted has granted the plaintiff leave to proceed without prepayment of

the filing fee.  28 U.S.C. § 1915(a)(1).

II.

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to sua sponte dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B).  The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A.  A complaint is frivolous if it lacks an arguable basis either in law or in fact.  Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989).

A *pro se* civil rights complaint is to be construed liberally.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972).  Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well

as "a demand for the relief sought."  Fed. R. Civ. P. 8(a)(2), (3).  The

purpose of this rule is to "give the defendant fair notice of what the claim is

and the grounds upon which it rests."  Bell Atlantic Corp. v. Twombly, 550

U.S. 544, 555 (2007) (citation omitted).  While notice pleading does not

require "detailed" factual allegations, it does require more than the bare

assertion of legal principles or conclusions.  Id.  Rule 8 "demands more

than an unadorned, the defendant-unlawfully-harmed me accusation."

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  "A pleading that offers 'labels

and conclusions' or 'a formulaic recitation of the elements of a cause of

action will not do.'"  Id. (quoting Twombly, 550 U.S. at 555).  "Nor does a

complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual

enhancement.'"  Id. (quoting Twombly, 550 U.S. at 557).

    To state a federal civil rights claim, a plaintiff must show that:  (1) the

defendant is a person who acted under the color of state or federal law,

and (2) the defendant's conduct deprived the plaintiff of a federal right,

privilege, or immunity.  Flagg Bros. v. Brooks, 436 U.S. 149, 155-57

(1978); Harris v. Circleville, 583 F.3d 356, 364 (6th Cir. 2009).

    If the allegations in a complaint show that relief is barred by the

applicable statute of limitations, the complaint is subject to dismissal for

failure to state a claim upon which relief may be granted.  Jones v. Bock,

549 U.S. 199, 215 (2007); Cataldo v. U.S. Steel Corp., 676 F.3d 542, 547

(6th Cir. 2012); Mattox v. Edelman, 851 F.3d 583, 590 (6th Cir. 2017)

(citing Jones and holding that if, on the face of a complaint, the allegations

show that relief is barred by an affirmative defense (lack of exhaustion), the

complaint is subject to dismissal for failure to state a claim).  The Court has

discretion to raise the statute of limitations issue sua sponte in screening a

civil rights complaint.  See Norman v. Granson, No. 18-4232, 2020 WL

3240900, *2 (6th Cir. March 25, 2020) ("Where a statute of limitations

defect is obvious from the face of the complaint, sua sponte dismissal is

appropriate."); Scruggs v. Jones, 86 F. App'x 916, 917 (6th Cir. 2004)

(affirming district court's sua sponte dismissal of civil rights complaint on

statute of limitations grounds); Watson v. Wayne Co., 90 F. App'x 814, 815

(6th Cir. 2004) (court may sua sponte raise the statute of limitations issue

when the defense is apparent on the face of the pleadings).

III.

State statutes of limitations and tolling principles apply to determine

the timeliness of claims raised in lawsuits brought pursuant to 42 U.S.C. §

1983.  Wilson v. Garcia, 471 U.S. 261, 268-69 (1985).  Section 1983 civil

rights actions are governed by the state statute of limitations for personal injury actions.  <u>Wallace v. Kato</u>, 549 U.S. 384, 387 (2007).  For such actions in Michigan, the statute of limitations is three years.  Mich. Comp. Laws § 600.5805(2); <u>Carroll v. Wilkerson</u>, 782 F.2d 44, 44 (6th Cir. 1986) (per curiam).  Accrual of the claims for relief is a question of federal law. <u>Collyer v. Darling</u>, 98 F.3d 211, 220 (6th Cir. 1996); <u>Sevier v. Turner</u>, 742 F.2d 262, 272 (6th Cir. 1984).  The statute of limitations begins to run when the plaintiff knows or has reason to know of the actions giving rise to the injuries that are the basis for the complaint.  <u>Collyer</u>, 98 F.3d at 220.

The plaintiff's civil rights complaint is untimely.  His complaint involves the defendants' alleged failure to provide him with prescribed medication at the Genesee County Jail in 2016 and 2017 which caused him to be rushed to the hospital with kidney failure on October 26, 2017. The plaintiff thus knew or had reason to know of the actions and injuries giving rise to his complaint at the time of those events.  Consequently, his civil rights claims accrued by October 26, 2017.  The plaintiff, however, did not sign and date his civil rights complaint until October 4, 2021 – nearly one year after Michigan's three-year limitations period ended.  His civil

rights complaint is therefore untimely.[1]

Furthermore, Michigan law no longer tolls the running of the statute of limitations while a plaintiff is incarcerated.  Mich. Comp. Laws § 600.5851(9).  It is also well-established that ignorance of the law does not warrant equitable tolling of a statute of limitations.  Rose v. Dole, 945 F.2d 1331, 1335 (6th Cir. 1991); Jones v. General Motors Corp., 939 F.2d 380, 385 (6th Cir. 1991); see also Mason v. Department of Justice, No. 01-5701, 2002 WL 1334756, *2 (6th Cir. June 17, 2002).[2]  The plaintiff's civil rights complaint is untimely and must be dismissed for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983.

## IV.

Accordingly, for the reasons stated, the Court **DISMISSES WITH**

---

[1]The Court notes that the statute of limitations applicable to a prisoner-initiated civil rights complaint under 42 U.S.C. § 1983 is tolled while a prisoner exhausts the administrative grievance process.  Surles v. Andison, 678 F.3d 452, 458 (6th Cir. 2012); Waters v. Evans, 105 F. App'x 827, 829 (6th Cir. 2004); Brown v. Morgan, 209 F.3d 595, 596 (6th Cir. 2000).  In this case, however, the only grievance attached to the plaintiff's complaint is addressed to the Michigan Department of Corrections, not the Genesee County Jail, and is dated March 10, 2021 – more than three years after the events giving rise to the complaint.  Consequently, it does not toll the three-year limitations period.

[2]In fact, Michigan law does not permit equitable tolling; rather tolling must be based on a statute.  Citizens Bank v. Merrill, Lynch, Pierce, Fenner & Smith, Inc., No. 11-CV-14502, 2012 WL 5828623, *8 n. 2 (E.D. Mich. July 6, 2012) (citing Livingston v. C. Michael Villar, P.C., No. 299687, 2012 WL 639322, *2 (Mich. Ct. App. Feb. 28, 2012) (per curiam)); accord Weathers v. Holland Police Dept., No. 1:13-cv-1349, 2015 WL 357058, *5 (W.D. Mich. Jan. 27, 2015).

**PREJUDICE** the civil rights complaint pursuant to 28 U.S.C.

§§ 1915(e)(2)(b) and 1915A.  The Court further concludes that an appeal

from this decision cannot be taken in good faith.  28 U.S.C. § 1915(a)(3);

Coppedge v. United States, 369 U.S. 438, 445 (1962).  This case is

closed.  No further pleadings should be filed in this matter.

> **IT IS SO ORDERED**.

Dated:  November 10, 2021

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
November 10, 2021, by electronic and/or ordinary mail and
also on Jeffrey Curl #212353, Woodland Center Correctional
Facility, 9036 E M-36, Whitmore Lake, MI 48189.

s/Brianna Sauve
Deputy Clerk

---